UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: AM RETAIL GROUP, INC., FAIR
LABOR STANDARDS ACT (FLSA) AND
WAGE AND HOUR LITIGATION               MDL No. 2831


ORDER DENYING TRANSFER


**Before the Panel**:[*] Defendant AM Retail Group, Inc., moves under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of California. This litigation consists of two actions pending in two districts, as listed on Schedule A. Plaintiff in the Northern District of California *Sanchez* action opposes centralization. Plaintiffs in the Eastern District of California *Watkins* action take no position on centralization.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Although the actions commonly allege that AM Retail Group, Inc., failed to pay its nonexempt retail employees for all hours worked and to provide legally-compliant meal periods and rest breaks, the scope of the actions and their factual allegations differ significantly. *Watkins* is limited to Wilsons Leather stores in California and alleges that nonexempt employees are required to distribute marketing flyers while off-the-clock and to be available by phone during meal periods and rest breaks. In contrast, *Sanchez* covers all apparel stores operated by defendant[1] and alleges that nonexempt employees are required to perform work before they punch in their time, that managers override their timekeeping entries to keep hours worked below the meal period threshold, and defendant improperly calculates overtime pay by excluding certain types of incentive pay from the regular rate of pay. Additionally, *Sanchez* seeks certification of both a nationwide collective of retail employees under the Fair Labor Standards Act and a statewide class, whereas *Watkins* is brought solely on behalf of a California class of employees.

Moreover, there are only two actions in this litigation.[2] Plaintiff's counsel in *Sanchez* represents that he is willing to work with defendant's counsel to permit documents and depositions

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] AM Retail Group allegedly operates retail stores under the following names: Wilsons Leather, Calvin Klein Performance, G.H. Bass & Co., Karl Lagerfeld Paris, and DKNY.

[2] *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). ("where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization").

-2-

from *Watkins* to be used in *Sanchez*. AM Retail Group, the sole defendant in this litigation, is well-positioned to facilitate voluntary coordination on these and other pretrial matters.

Given the limited number of counsel and actions and the case-specific issues involved, informal cooperation among the parties and the involved courts should be sufficient to minimize any duplicative discovery and the risk of inconsistent pretrial rulings. *See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles A. Breyer
Ellen Segal Huvelle        R. David Proctor
Catherine D. Perry

**IN RE: AM RETAIL GROUP, INC., FAIR
LABOR STANDARDS ACT (FLSA) AND
WAGE AND HOUR LITIGATION**     MDL No. 2831

## SCHEDULE A

Eastern District of California

WATKINS, ET AL. v. AM RETAIL GROUP, INC., C.A. No. 1:17-01287

Northern District of California

SANCHEZ v. AM RETAIL GROUP, INC., C.A. No. 3:18-00287